Case 8:20-cr-00292-GJH   Document 8   Filed 11/16/20   Page 1 of 11




KOH
DJD/EBP: USAO 2019R00214

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GJH 20cr292 |
| | * | |
| ANTHONY PELT and | * | (Conspiracy to Commit Wire Fraud, |
| | * | 18 U.S.C. § 1349; Wire Fraud, |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓ | * | 18 U.S.C. § 1343; Aiding and |
| | * | Abetting, 18 U.S.C. § 2; Forfeiture, |
| Defendants | * | 18 U.S.C. § 924(d), 18 U.S.C. |
| | * | § 981(a)(1)(C), 21 U.S.C. § 853, |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
(Conspiracy to Commit Wire Fraud)

The Grand Jury for the District of Maryland charges that:

**Introduction**

At all times relevant to this Indictment:

The Retail Stores

1. Retailer A and Retailer B (together, the "Retail Stores") operated retail stores in the United States, including in Virginia and Maryland.

2. The Retail Stores allowed customers to purchase merchandise using checks.

3. The Retail Stores allowed customers who purchased merchandise with a check to receive cash when returning the merchandise with a receipt.

The Victim Businesses

4. Victims B, D, E, F, G, I, L, and M were small businesses located in Maryland.

5. Victims A, C, H, J, and K were small businesses located in Virginia.

6. Victim N was a small business located in Pennsylvania.

### The Conspiracy

7. Between at least in or about March 2018 and in or about July 2019, in the District of Maryland and elsewhere, the defendants,

**ANTHONY PELT and**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and others known and unknown to the Grand Jury, to knowingly devise a scheme and artifice to defraud the Retail Stores and the victim businesses, and to obtain money and property from the Retail Stores and the victim businesses, by means of materially false and fraudulent pretenses, representations, promises, and material omissions ("the scheme to defraud"), and for the purpose of executing and attempting to execute the scheme to defraud did knowingly and willfully transmit and cause to be transmitted by means of wire communication, in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

### Manner and Means of the Conspiracy and Scheme to Defraud

8. It was part of the conspiracy and scheme to defraud that members of the conspiracy, including **ANTHONY PELT** ("**APELT**") and            , obtained and caused to obtain the victim businesses' names, addresses, and bank information without the victim businesses' knowledge or consent.

9. It was further part of the conspiracy and scheme to defraud that members of the conspiracy, including **APELT** and          , created and caused to be created fraudulent checks

2

using the names, addresses, and bank information of the victim businesses without the victim businesses' authorization.

10. It was further part of the conspiracy and scheme to defraud that members of the conspiracy, including **APELT** and ███ after having created the fraudulent checks, they presented the fraudulent checks to purchase merchandise at the Retail Stores without the victim businesses' authorization.

11. It was further part of the conspiracy and scheme to defraud that members of the conspiracy, including **APELT** and ███, presented fake driver's licenses to purchase merchandise using the fraudulent checks without the victim businesses' authorization.

12. It was further part of the conspiracy and scheme to defraud that members of the conspiracy, including **APELT** and ███ took a receipt and the fraudulently obtained merchandise to a different location of the same Retail Store to return the merchandise for cash.

### Overt Acts

13. In furtherance of the conspiracy, and to effect the objects thereof, the defendants and others committed and caused to be committed the following overt acts, among others, in the District of Maryland and elsewhere:

   a. On or about March 9, 2018, **APELT** used a fraudulent check bearing the bank information of Victim A to purchase $2,299.11 of merchandise at a Retailer A in Springfield, Virginia.

   b. On or about September 15, 2018, **APELT** used a fraudulent check bearing the bank information of Victim B to purchase $1,316.50 of merchandise at a Retailer B in La Plata, Maryland.

c. On or about November 23, 2018, **APELT** used a fraudulent check bearing the bank information of Victim C to purchase $2,559.69 of merchandise at a Retailer A in Leesburg, Virginia.

d. On or about December 8, 2018, **APELT** used a fraudulent check bearing the bank information of Victim D to purchase $2,966.94 of merchandise at a Retailer A in Upper Marlboro, Maryland.

e. On or about December 12, 2018, **APELT** used a fraudulent check bearing the bank information of Victim E to purchase $1,375.88 of merchandise at a Retailer A in Oxon Hill, Maryland.

f. On or about December 17, 2018, **APELT** and ▇ used a fraudulent check bearing the bank information of Victim F to purchase $2,489.91 of merchandise at a Retailer A in Falls Church, Virginia.

g. On or about December 18, 2018, **APELT** and ▇ used a fraudulent check bearing the bank information of Victim G to purchase $3,030.21 of merchandise at a Retailer A in Manassas, Virginia.

h. On or about December 18, 2018, **APELT** and ▇ used a fraudulent check bearing the bank information of Victim H to purchase $3,037.43 of merchandise at a Retailer A in Ashburn, Virginia.

i. On or about December 21, 2018, **APELT** returned some of the merchandise fraudulently purchased on December 17, 2018, as set forth in Paragraph 13(f) above, in exchange for a cash refund at a Retailer A in Oxon Hill, Maryland.

j. On or about December 22, 2018, **APELT** returned some of the merchandise fraudulently purchased on December 18, 2018, as set forth in Paragraph 13(g) above, in exchange for a cash refund at a Retailer A in Oxon Hill, Maryland.

k. On or about December 28, 2018, **APELT** and ▮▮▮▮ used a fraudulent check to purchase $2,917.82 of merchandise at a Retailer A in Springfield, Virginia.

l. On or about January 1, 2019, **APELT** and a co-conspirator returned some of the merchandise fraudulently purchased on December 28, 2018, as set forth in Paragraph 13(k) above, in exchange for a cash refund at a Retailer A in Springfield, Virginia.

m. On or about January 4, 2019, ▮▮▮▮ used a fraudulent check bearing the bank information of Victim I to purchase $3,005.99 of merchandise at a Retailer A in Springfield, Virginia.

n. On or about January 5, 2019, ▮▮▮▮ used a fraudulent check bearing the bank information of Victim I to purchase $1,478.59 of merchandise at a Retailer B in Frederick, Maryland.

o. On or about January 13, 2019, **APELT** used a fraudulent check bearing the bank information of Victim J to purchase $1,807.41 of merchandise at a Retailer A in Oxon Hill, Maryland.

p. On or about February 6, 2019, **APELT** and ▮▮▮▮ used a fraudulent check bearing the bank information of Victim K to purchase $2,627.47 of merchandise at a Home Depot in Chester, Virginia.

q. On or about February 12, 2019, **APELT** used a fraudulent check bearing the bank information of Victim L to purchase $2,247.63 of merchandise at a Retailer B in La Plata, Maryland.

5

r. On or about February 18, 2019, **APELT** used a fraudulent check bearing the bank information of Victim L to purchase $2,912.48 of merchandise at a Retailer A in Alexandria, Virginia.

s. On or about February 19, 2019, ▇ used a fraudulent check bearing the bank information of Victim M to purchase $1,400.85 of merchandise at a Retailer B in Frederick, Maryland.

t. On or about February 19, 2019, ▇ used a fraudulent check bearing the bank information of Victim M to purchase $2,974.79 of merchandise at a Retailer A in Frederick, Maryland.

u. On or about February 22, 2019, **APELT** was in possession of several receipts, checks, and stock checks connected to the scheme, and products obtained from Retailer A and Retailer B as part of the scheme.

v. On or about March 3, 2019, ▇ used a fraudulent check bearing the bank information of Victim N to purchase $1,977.80 of merchandise at a Retailer B in Frederick, Maryland.

18 U.S.C. § 1349

## COUNT TWO THROUGH SEVEN
### (Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 6 and 7 through 13 of Count One are incorporated here.

2. On or about the dates set forth below, in the District of Maryland and elsewhere, the defendants,

**ANTHONY PELT and**

████████████

for the purpose of executing and attempting to execute the scheme to defraud, knowingly caused the following transmissions of wire communications in interstate and foreign commerce:

| COUNT | DEFENDANT | APPROXIMATE DATE | WIRE TRANSMISSION AND AMOUNT |
|---|---|---|---|
| 2 | APELT | September 15, 2018 | $1,316.50 wire transfer from Retailer B in Maryland to servers located outside of Maryland. |
| 3 | APELT | December 8, 2018 | $2,966.94 wire transfer from Retailer A in Maryland to servers located outside of Maryland. |
| 4 | ████ | January 5, 2019 | $1,478.59 wire transfer from Retailer B in Maryland to servers located outside of Maryland. |
| 5 | APELT | January 13, 2019 | $1,807.41 wire transfer from Retailer A in Maryland to servers located outside of Maryland. |
| 6 | APELT | February 12, 2019 | $2,247.63 wire transfer from Retailer B in Maryland to servers located outside of Maryland. |
| 7 | ████ | February 19, 2019 | $2,974.79 wire transfer from Retailer A in Maryland to servers located outside of Maryland. |

18 U.S.C. § 1343

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendants' conviction on Counts One through Seven of this Indictment.

### Wire Fraud Forfeiture

2. Upon conviction of the offenses set forth in Counts One through Seven, the defendants,

**ANTHONY PELT and**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, including, but not limited to at least $224,000 in U.S. currency in the form of a money judgment, as well as any and all merchandise obtained by the defendants as a result of such offenses, including, but not limited to, the following property recovered from the defendants on or about February 22, 2019 during execution of state search warrants in Oxon Hill, Maryland:

(1) one Bosch Demolition Hammer;
(2) one One-Gallon Plastic Paint Tray;
(3) 64 piece 1/2" Drive Impact Socket Set;
(4) one Collette 21.5" Espresso Wall Cabinet;
(5) one Milwaukee M18 Fuel 2 piece 5.0AH Hammer Drill and Impact Driver Set;
(6) one Milwaukee 9 piece 1/2" DW Socket Set;
(7) one Milwaukee M18 Fuel Band Saw Tool Only;

8

(8) one Milwaukee M18 Red Lithium High Demand 9.0AH Battery Pack and Starter Kit;

(9) three Milwaukee M18 fuel 1/2" Gen II HTIW Bare Impact Wrench;

(10) two Makita 14" Diamond Blades-3pk;

(11) one 14 in. 61 CC Power Cutter;

(12) one MasterBuilt Pro 30 in. Bluetooth Electric Smoker

(13) one Keurig K-Cafe Brewer;

(14) one Professional Blender;

(15) one Husky 3 Ton Garage Jack;

(16) five Foxwood Manor 11-7/8 in. x 11-7/8 in. tile;

(17) one 14.5x12 Heritage Cold Pencil Brown/Tans Interlocking Glossy Glass Mosaic Tile;

(18) fifteen Coal Mine Gray 11-1/2 in. x 11-5/8 in. Interlocking Glass and Stone Mosaic Tiles;

(19) one Echo 2 Cycle Cultivator;

(20) one Echo 18" Gas Chainsaw;

(21) nine .5x12 Ivory Pencil Molding Wall Tile;

(22) thirty-nine 12x12 Greecian White Arabesque Polished Marble Mosaic Floor and Wall Tiles;

(23) one Prox19 Airless Paint Sprayer;

(24) two Hawkins 44 In. Tarnished Bronze Ceiling Fans;

(25) twenty-three 11.8x11.6 Himalayan Stone Speedtile Self-Adhesive Wall Mosaic Tiles;

(26) eight cases Willow Kirkdale 18"x18" 22.5 sq. ft. carpet tile;

(27) one 430 Stainless Steel Tall Patio Heater;

(28) one FRS 2-Way 2-Watt Radio Set (2-Pack);

(29) one 80k BTU Multi-Fuel Portable Heater;

(30) one 31 Inch Infrared Electric Fireplace;

(31) one Kwikset Cove Bed/Bath Privacy Lockset Venetian Bronze (Doorknob);

(32) one Truss 8" 2-Handle Bathroom Faucet In Oil-Rubbed Bronze;

(33) one DEWALT 20-Volt Max XR Lithium-Ion Cordless Brushless Oscillating Multi-Tool;

(34) two Mr. Longarm 4.25-ft. to 7.75-ft. Extension Pole;

(35) one 3M Paint Project Respirator;

(36)   one Husqvarna 128CD Trimmerplus Gas String Trimmer;

(37)   one Porter-Cable 4.5-Amp 6-in. Variable Speed Sander;

(38)   one Allen+Roth 36-in. to 72-in. drapery rod set;

(39)   one Kohler Elliston White 1.28 GPF Toilet;

(40)   one Proline 8 lbs. of Wiping Cloths;

(41)   one Portfolio Barada 27-in. Bronze Uplight Table Lamp with Glass Shade;

(42)   one Kichler Barrington 14.02-In. Distressed Black and Wood Tone Semi-Flush Mount Ceiling Light;

(43)   one Delta Trask Touch20 1-Handle Spotshield Stainless Pull-Down Handle Kitchen Faucet;

(44)   eighteen Stainmaster Washed Oak Dove 19.03 Sq. Ft. Vinyl Flooring;

(45)   one Allen+Roth Ellorree 3-Light Brushed Nickel Traditional Vanity Light;

(46)   two Delta Valdosta 2-handle Bathroom Sink Faucets with Drain;

(47)   one Kobalt 40v Hedge Trimmer;

(48)   one 52-in. Allen + Roth Stonecroft Indoor-Outdoor Ceiling Fan with Light Kit;

(49)   one 30-in. x 24-in. BF Chalkboard;

(50)   one I/O 5-Piece Wax Melt Warmer;

(51)   one Troy-Bilt 3100-PSI Idle Down Pressure Washer

(52)   two ProLine10-oz. 4-ft. x 15-ft. Canvas Drop Cloths;

(53)   one Husqvarna 570BTS Backpack Leaf Blower;

(54)   one DEWALT Lighted Bag;

(55)   one Allen+Roth 20-in. Brushed Nickel Lynnpark Vanity Light Bar;

(56)   one Jacuzzi Duncan 2 Handle Matte Black Watersense Sink Faucet with Drain;

(57)   two SMARTCORE Soft & Sound Underlayment 100 SF;

(58)   one Box Of Coffee (6, 16 oz. Packs French Coffee);

(59)   one DEWALT Multipart Simultaneous Fast Charger;

(60)   one Delta Valdosta Faucet;

(61)   one Larson Quickfit Locking Door Handle, Aged Bronze;

(62)   two Valspar 9" Paint Roller Frames; and

(63)   one Kitchler 54" Ceiling Fan with Light.

### Substitute Assets

3.  If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or,

    e.  has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Robert K. Hur_ /Dp
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: September 9, 2020

11